IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

        Plaintiff,

v.

KELLY SUPPLY COMPANY D/B/A
KSCDIRECT.COM and KELLY SUPPLY
COMPANY, NORFOLK,

        Defendants.

CIVIL ACTION NO.:

## COMPLAINT AND JURY DEMAND

Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") brings this civil action against Kelly Supply Company D/B/A KSCdirect.com and Kelly Supply Company, Norfolk (collectively, "Kelly").

## THE PARTIES

1. PIC is a Massachusetts corporation with a place of business at 467 Sagamore Street, Hamilton, Massachusetts 01936.

2. On information and belief, Kelly Supply Company D/B/A KSCdirect.com is a Nebraska corporation having an address at 4242 S. 90th Street, Omaha, NE 68127.

3. On information and belief, Kelly Supply Company, Norfolk is a Nebraska corporation having an address at 704 Prospect Ave, Norfolk, NE 68701.

## JURISDICTION AND VENUE

4. This is a civil action for injunctive relief and damages for violation of the copyright laws of the United States, 17 U.S.C. §§ 101, et seq.; the Digital Millennium Copyright

Act, 17 U.S.C. §§ 1201, et seq.; and for unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A. Jurisdiction over the state law claim is proper under 28 U.S.C. § 1367.

5. The amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

6. Kelly does business in Massachusetts.

7. Kelly operates a commercial website (kscdirect.com, "the Kelly website").

8. The Kelly website is accessible from Massachusetts.

9. Through its website, Kelly advertises, sells, and offers for sale lighting products to online visitors, including online visitors located in Massachusetts, and invites visitors to its website to create online accounts.

10. Kelly does not exclude Massachusetts consumers from visiting, interacting with, or making purchases through its website.

11. This Court has personal jurisdiction over Kelly because Kelly: has transacted business in Massachusetts; has contracted to supply products and/or services in Massachusetts; and has injured PIC in Massachusetts by reproducing and distributing PIC's copyrighted images on the Kelly website (which can be accessed in Massachusetts) to advertise and sell products.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

## PIC'S COPYRIGHTED IMAGES

13. PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging.

14. Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

15. PIC authored the photographic images referenced in this Complaint (the "PIC Images"), which were made the subject of 96 applications. 95 of these applications matured into United States Copyright Registration Certificate Nos. VA 1-321-513; VA 1-325-167; VA 1-325-168; VA 1-325-169; VA 1-325-170; VA 1-325-171; VA 1-325-172; VA 1-325-173; VA 1-325-174; VA 1-359-243; VA 1-359-244; VA 1-867-245; VA 1-880-539; VA 1-884-804; VA 1-884-805; VA 1-884-806; VA 1-884-811; VA 1-884-812; VA 1-902-485; VA 1-902-854; VA 1-902-855; VA 1-902-856; VA 1-902-857; VA 1-902-858; VA 1-902-859; VA 1-902-860; VA 1-902-861; VA 1-902-863; VA 1-902-864; VA 1-913-665; VA 1-916-011; VA 1-916-021; VA 1-916-393; VA 1-916-400; VA 1-916-402; VA 1-916-404; VA 1-916-409; VA 1-916-412; VA 1-916-415; VA 1-916-418; VA 1-916-428; VA 1-916-431; VA 1-916-443; VA 1-916-447; VA 1-916-448; VA 1-916-449; VA 1-916-450; VA 1-916-451; VA 1-916-453; VA 1-916-456; VA 1-917-063; VA 1-917-073; VA 1-917-076; VA 1-917-078; VA 1-917-079; VA 1-917-085; VA 1-917-090; VA 1-917-094; VA 1-917-096; VA 1-917-100; VA 1-917-103; VA 1-917-105; VA 1-917-106; VA 1-917-108; VA 1-917-444; VA 1-933-929; VA 1-933-930; VA 1-944-793; VA 1-945-511; VA 1-945-512; VA 1-945-513; VA 1-945-514; VA 1-945-515; VA 1-945-516; VA 1-945-517; VA 1-945-518; VA 1-945-519; VA 1-945-520; VA 1-945-521; VA 1-945-524; VA 1-945-525; VA 1-945-528; VA 1-948-048; VA 1-948-050; VA 1-948-053; VA 1-948-056; VA 1-948-057; VA 1-948-065; VA 1-948-084; VA 1-948-086; VA 1-948-200; VA 1-968-922; VA 1-968-923; VA 1-968-924; VA 1-968-925 (attached as Exhibit A). One application, entitled "2009 Photographic Illustrators Corporation's Images for Sylvania," was filed with the Copyright Office on March 14, 2014, complete with the required deposit copy and filing fee, and remains pending (attached as Exhibit B).

16. Each of the PIC Images is a photograph of a Sylvania product that PIC created.

17. PIC retains ownership of all right, title, and interest in the copyrights for the PIC Images.

18. Before publishing the PIC Images, PIC attaches, or includes therewith, the name of the author (Paul Kevin Picone), copyright owner (P.I. Corp.), and copyright notice (collectively, "PIC Copyright Management Information"), as shown in the examples below:



19. PIC followed this practice when providing its images to Sylvania, including for the PIC Images.

20. Sylvania at least sometimes uses PIC Copyright Management Information on images authored by PIC, as shown in Exhibit C.

21. When Sylvania provides copies of images authored by PIC to its distributors, it at least sometimes does so with the PIC Copyright Management Information attached or included therewith, as demonstrated by the presence of the PIC Copyright Management Information on or associated with images used by those distributors in Exhibit D.

**KELLY'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES**

22. Webpages on the kscdirect.com website display or displayed a partial or whole copy of the PIC Images ("Accused Images"). Examples of webpages from the Kelly website that display the Accused Images are attached as Exhibit E.

23. Kelly's unauthorized use of each Accused Image began after PIC's first publication of each corresponding PIC Image (of which the Accused Images are copies).

24. The webpages on the Kelly website which display or displayed Accused Images (including those captured in Exhibit E) are or were owned and operated by Kelly.

25. Webpages on the Kelly website which display or displayed Accused Images (including those captured in Exhibit E) include or included an Accused Image without the PIC Copyright Management Information.

26. For example, in the table below, the PIC Image entitled "SuperQ Group Array.TIF" and registered with the Copyright Office on June 20, 2013 (Reg. No. VA 1-917-100), is shown on the top left. The image on the top right, an altered copy of the PIC Image without the PIC Copyright Management Information, appears on a webpage of the Kelly website pictured in the second row.



6

27. Thus, even though PIC provides PIC Images to Sylvania with the PIC Copyright Management Information, and even though Sylvania at least sometimes uses PIC Images with the PIC Copyright Management Information, and even though Sylvania at least sometimes distributes PIC Images with the PIC Copyright Management Information, Kelly nevertheless displays or displayed copies of PIC Images on the Kelly website without the PIC Copyright Management Information.

28. On information and belief, Kelly removed PIC Copyright Management Information from at least some of the PIC Images.

29. On information and belief, Kelly altered copies of PIC Images using image editing software, such as "Adobe Photoshop." PIC's unique orientation of the product(s), the location of the shadows and reflections, and the pattern of the background are visible in multiple Accused Images despite Kelly's attempts to change PIC Images. Vestiges of these unique elements in PIC Images are visible in multiple Accused Images, despite unsuccessful attempts by Kelly to remove them.

30. On information and belief, Kelly received or acquired the Accused Images from the entity that owns or operates the website "ewins.com."

31. On information and belief, PIC did not provide any PIC Images to the entity that owns or operates the website "ewins.com."

32. On information and belief, PIC did not provide the Accused Images to the entity that owns or operates the website "ewins.com."

33. PIC did not provide any PIC Images to Kelly.

34. PIC did not provide the Accused Images to Kelly.

35. PIC never authorized Kelly to use the Accused Images.

7

36. On information and belief, Sylvania never authorized Kelly to use the Accused Images.

37. Sylvania never authorized Kelly to use the Accused Images without the PIC Copyright Management Information.

38. Kelly has copied, distributed, and/or used—and continues to copy, distribute, and/or use—the Accused Images, at least on its website, to advertise and sell products.

39. Kelly has never been, and is not currently, licensed or otherwise authorized by PIC to copy, distribute, and/or use the Accused Images.

40. Kelly has never been, and is not currently, licensed by Sylvania to copy, distribute, and/or use the Accused Images without the PIC Copyright Management Information.

## DAMAGE TO PIC'S BUSINESS AND REPUTATION

41. PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

42. For over three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services. Through PIC's longstanding practice of attaching to each published PIC Image, or including therewith, the names "P.I. Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography. PIC thus has common law trademark rights in the P.I. CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

43. PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images, or includes therewith, as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

44. PIC is not affiliated with Kelly and has not approved Kelly's use of or alterations to PIC Images.

45. By removing the PIC Marks and Copyright Management Information from the PIC Images, Kelly has removed PIC's primary advertisement vector, thereby depriving PIC of business opportunities.

## COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

46. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

47. Kelly has infringed PIC's copyrights in the PIC Images, in violation of 17 U.S.C. § 501, by copying, distributing, and/or using PIC Images without license or other authorization.

48. Kelly's infringement has been knowing and willful.

49. Kelly's infringement has damaged PIC in an amount to be proven at trial.

50. Unless stopped by an injunction, Kelly will continue infringing PIC's copyrights in its PIC Images and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## COUNT II
### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

51. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

52. On information and belief, Kelly intentionally removed or altered PIC Copyright Management Information for the PIC Images without PIC's authorization, and/or distributed copyright management information with knowledge that the PIC Copyright Management Information was removed or altered without PIC's authorization, in violation of 17 U.S.C. § 1202(b).

53. On information and belief, Kelly's violations of 17 U.S.C. § 1202 have been knowing and willful.

54. Kelly's violations of 17 U.S.C. § 1202 have damaged PIC in an amount to be proven at trial.

55. Unless stopped by an injunction, Kelly's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## COUNT III
### (Unfair And Deceptive Trade Practices, Mass. Gen. L. ch. 93A)

56. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

57. Kelly is, and at all relevant times has been, engaged in commerce.

58. Kelly's acts and/or omissions as described above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

59. Kelly's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A.

60. Kelly's unfair and deceptive trade practices impact the public interest by causing consumer confusion.

61. Kelly's acts and/or omissions as described above were knowing and willful.

62. Kelly's unfair and deceptive trade practices damaged PIC in an amount to be determined at trial.

63. Unless stopped by an injunction, Kelly's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

# **RELIEF REQUESTED**

WHEREFORE, PIC requests that this Court:

A. Enter judgment that the Court has jurisdiction over the parties to and subject matter of this action.

B. Enter judgment that Kelly has infringed and continues to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501.

C. Permanently enjoin Kelly, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502.

D. Order the recall, impounding, and destruction of all infringing copies made, used or distributed by Kelly in violation of PIC's exclusive rights in and to its PIC Images (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503.

E. Direct Kelly to pay to PIC its actual damages and any additional profits realized by Kelly, pursuant to 17 U.S.C. § 504.

F. Order that, in the alternative to actual copyright damages, at PIC's election, Kelly shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

G. Enter judgment that Kelly has violated and continues to violate the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202.

H. Permanently enjoin Kelly, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it,

from further violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(1).

I. Order the impounding of all devices or products in the custody or control of Kelly that were involved in the violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2).

J. Direct Kelly to pay to PIC its actual damages and any additional profits realized by Kelly, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

K. Order that, in the alternative to actual damages, at PIC's election, Kelly shall pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and 1203(c)(3)(B).

L. Enter judgment that Kelly has engaged and continues to engage in unfair and deceptive trade practices in violation of Mass. Gen. L. Ch. 93A.

M. Direct Kelly to pay to PIC its damages sustained as a result of Kelly's unfair and deceptive trade practices.

N. Permanently enjoin Kelly, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from committing further unfair and deceptive trade practices, pursuant to Mass. Gen. L. Ch. 93A.

O. Enter judgment that Kelly's copyright infringements and unfair and deceptive trade practices have been knowing and willful.

P. Enter judgment that Kelly's 17 U.S.C. § 1202(b) violations of the Digital Millennium Copyright Act have been knowing and intentional.

Q. Order Kelly to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction.

R. Award PIC its legal fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5); Mass. Gen. L. ch. 93A, or other applicable law.

S. Award PIC treble damages pursuant to Mass. Gen. L. Ch. 93A or other applicable law.

T. Award PIC such further relief as this Court may deem just and proper.

## JURY DEMAND

PIC hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: 10/21/2015

*/s/ Michael N. Rader*
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
Turhan F. Sarwar, BBO # 686764
tsarwar@wolfgreenfield.com
Joshua J. Miller, BBO # 685101
jmiller@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000
Fax: (617) 646-8646